E-FILED
Friday, 04 March, 2016  03:40:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JORDAN WATKINS,              )
                             )
               Plaintiff    )
                             )
            v.          )     Case No. 15-1351
                             )
DONNA NICHOLSON, PEORIA    )
POLICE DEPARTMENT, CITY OF    )
PEORIA, JESSE A. LANPHEAR,    )
BRADLEY SCOTT, CHRIS HANLEY,   )
MICHAEL D. MCCOY,         )
                             )
            Defendants.   )

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion [7] for Summary Judgment. For the reasons stated herein, Defendants' Motion [7] is Granted.

### 1) Procedural History

On August 21, 2015, pro se Plaintiff Jordan Watkins filed this § 1983 action against Defendants Donna Nicholson and Peoria Police Department. Defendants Nicholson and Peoria Police Department filed a motion for summary judgment on September 25, 2015. On November 23, 2015, Watkins filed a response to the motion for summary judgment wherein he requested leave to amend his Complaint to add as defendants the City of Peoria, Jesse A. Lanphear, Bradley Scott, Michael McCoy, and Chris Hanley. Defendants Nicholson and Peoria Police Department filed a reply to Watkins' response to the motion for summary judgment, and also a response to Watkins' motion for leave to amend. On February 1, 2016, Watkins filed a reply to Defendants' response to his motion for leave to amend, and also an amended Complaint. On February 22, 2016, Defendants moved for judgment on the pleadings, or alternatively to renew

their motion for summary judgment. On February 24, 2016, this Court granted Plaintiff's motion for leave to amend, denied Defendants' motion for judgment on the pleadings, and granted Defendants' alternative request to revive and renew their prior summary judgment motion.

**2) Factual Background**

The following facts are taken from the statement of undisputed material facts in Defendants' summary judgment motion. On July 19, 2013, Peoria Police Officer Bradley Scott responded to a domestic violence call placed by Kelly Hobbs. Officer Scott arrived at the scene and spoke with Hobbs, who stated that she and her boyfriend Watkins got into an argument and Watkins punched her in the nose and broke the front window of the residence. Officer Scott photographed minor abrasions on Hobb's face and observed broken glass around the window frame. Officer Scott and other officers searched the area for Watkins but were unable to locate him. Based on Officer Scott's observations, he issued a "49" request for arrest of Watkins based on probable cause that he committed the offenses of domestic battery and criminal damage to property.

On August 23, 2013, Deputy Sheriff Lanphear was on duty patrolling an unincorporated area of Peoria County in a marked police patrol car. While on patrol, Officer Lanphear observed a white four-door Buick without a registration plate or temporary registration sticker operating on a public highway. Lanphear stopped the vehicle and the driver identified himself as Jordan Watkins. Lanphear checked to see if Watkins had outstanding warrants or "49's." Upon learning of a "49" request for Watkins' arrest, Lanphear handcuffed and placed Watkins in his patrol vehicle and notified the City of Peoria Police of his location.

Peoria Police Officer Nicholson responded to a call from police dispatch and arrived at Lanphear's location to "close out the report on the '49' request for arrest of Watkins and cancel

the '49' request for arrest since Watkins was located and detained." Nicholson requested a police wagon from Peoria Police Department when she arrived, and shortly thereafter Officer Hanley arrived at the scene with the wagon. Watkins was removed from Lanphear's patrol car and Hanley replaced Lanphear's handcuffs with his own before transporting Watkins to the Peoria County Jail. None of the officers questioned Watkins and he was not read *Miranda* warnings.

**3) Plaintiff's Complaint**

Plaintiff's first Complaint claims that Officer Lanphear told Watkins he had a "49" for questioning and that he was not under arrest, but could be arrested after the Peoria police questioned him. He further claims that Nicholson refused to talk to him and would not tell him why he was being arrested, she did not read him *Miranda* rights, and she changed his charge from criminal damage to a window pane to criminal damage to a Mercedes windshield. Watkins alleges that Nicholson violated his civil rights by purposely changing his charge, and Peoria Police Department violated his rights by not firing Nicholson or charging her with a crime.

Plaintiff's Complaint includes an attached letter from the Peoria Police Department in response to Watkins' Citizen Complaint. That letter states that an investigation of the August 26th incident was conducted, and "we found that the officer [Nicholson] did not follow proper procedures in this incident. You should have been given *Miranda* warnings and questioned about the incident, if you chose to speak to the officer. We could not determine whether or not you were informed of the charges against you." In his Complaint, Plaintiff checked the box indicating that the criminal proceedings against him were terminated in his favor, indicating he was innocent. Plaintiff's Complaint also includes the police reports from officers Scott, Lanphear, and Nicholson.

Plaintiff's amended Complaint adds the City of Peoria, Jesse Lanphear, Bradley Scott, Michael McCoy, and Chris Hanley as Defendants. The amended Complaint alleges that Defendants violated 42 U.S.C. § 1985 and § 1983. Specifically, Watkins alleges that Officer Lanphear deprived him "of his freedom by placing Watkins in hand cuffs and placing him in the back of his squad car." Officer Scott allegedly deprived Watkins of his freedom "by issuing a 49 for Watkins arrest instead of questioning Watkins about the incident." Officer Hanley purportedly deprived Watkins of his freedom by placing him in handcuffs and in the police wagon. Officer Nicholson is alleged to have violated Watkins' rights by not reading him *Miranda* rights or informing him of the reason for his arrest, changing his charge from a misdemeanor to a felony, and for refusing to speak to him. The Peoria Police Department and City of Peoria are alleged to be responsible for the negligent supervision, training, and employment of Officers Nicholson, Scott, and Hanley; and County Sheriff McCoy is alleged to be responsible for the negligent supervision, training, and employment of Officer Lanphear.

A<span style="font-variant:small-caps">NALYSIS</span>

## 1) Standard of Review

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" *Id*. at 322-23.

**2) Probable Cause Existed for Watkins' Arrest**

"Probable cause to arrest is an absolute defense to any claim against police officers under § 1983 for wrongful arrest, even where the defendant officers allegedly acted upon a malicious motive." *Tebbens v. Mushol*, 692 F.3d 807, 816 (7th Cir. 2012) (citing *Wagner v. Washington Cnty.*, 493 F.3d 833, 836 (7th Cir. 2007) (*per curiam*)). Probable cause exists where the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 821 (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009).

The Supreme Court made clear in *Atwater v. City of Lago Vista* that when "an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." 532 U.S. 318, 354 (2001). Illinois law provides that an officer may arrest a person when he has reasonable grounds to believe that the person is committing or has committed an offense. 725 ILCS 5/107-2. In Illinois, an offense "means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this State or by any law, local law or ordinance of a political subdivision of this State, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same." 730 ILCS 5/5-1-15.

Here, probable cause existed for Watkins' arrest. Officer Lanphear stated in his affidavit and police report that he saw a vehicle without a rear registration plate or temporary registration sticker traveling on a public highway. The Illinois Vehicle Code requires that registration plates or stickers be clearly visible at all times. See 625 ILCS 5/3-413. Watkins' reply brief concedes that the registration sticker was not visible: "[a]fter learning that Watkins['] temporary

registration sticker was in fact in the back window hanging because of the tape on one side came undone . . . ." (ECF #17 at 3). Thus, Lanphear had probable cause to stop Watkins for failing to properly display registration tags. See *Atwater*, 532 U.S. 354 (2001).

Officer Lanphear also had probable cause to arrest Watkins once he learned of Officer Scott's "49" request for Watkins' arrest. See *Holmes v. Vill. Of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007) (officer may rely on accounts of fellow law enforcement personnel for probable cause to arrest). Probable cause existed for Watkins' arrest after Hobbs informed Officer Scott of Watkins' alleged domestic violence and property damage and Scott issued a "49" request for arrest. See *Holmes*, 511 F.3d at 680 ("In making a decision to arrest someone for criminal conduct that he did not witness, a police officer may rely on information provided to him by the victim or by an eyewitness to the crime that the officer reasonably believes is telling the truth."). Thus, because Officer Lanphear was entitled to rely on Scott's "49" request for arrest, even if the other Defendant officers could be said to have arrested Watkins, they too were entitled to rely on the accounts of Officers Lanphear and Scott to establish probable cause.

Once Lanphear proceeded to handcuff and place Watkins in the back of the patrol car, Watkins was under arrest. See *Tebbens*, 692 F.3d at 816 ("An arrest occurs when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.") (internal citations omitted). Even if the "49" request was insufficient to establish probable cause, Watkins' arrest was nonetheless lawful because Lanphear was authorized to arrest Watkins for the registration violation. Likewise, Lanphear's stated reason or subjective intent for the arrest is irrelevant—once Lanphear had probable cause to believe that Watkins committed the offense of failing to display his vehicle registration, the arrest was lawful. See e.g., *United States v.*

1:15-cv-01351-JES-JEH  # 23  Page 7 of 11

*Williams*, 495 F.3d 810, 817-18 (Once officer had probable cause to arrest defendant, "it is irrelevant that their investigation eventually found evidence of other crimes, that he was originally charged with those other crimes, or that [those] crimes were charged based on an investigation that dragged out longer than was warranted by their original reasonable suspicion."); *Williams v. Rodriguez*, 509 F.3d 392, 399 (officer's subjective reason for arrest does not need to be for the offense as to which the known facts provide probable cause); *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).

Having determined that probable cause existed for Watkins' arrest, Plaintiff cannot prevail on his § 1983 claim for wrongful arrest. "Probable cause to arrest is an absolute defense to any claim against police officers under § 1983 for wrongful arrest, even where the defendant officers allegedly acted upon a malicious motive." *Tebbens*, 692 F.3d at 816 (7th Cir. 2012) (quoting *Wagner v. Washington Cnty.*, 493 F.3d 833, 836 (7th Cir. 2007)); *Kelley v. Myler*, 149 F.3d 641, 646 ("An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause."). The Court now turns to Watkins' claims against Officer Nicholson.

**2) Watkins' Claims Against Officer Nicholson**

Watkins claims that Officer Nicholson violated, *inter alia*, his Fifth Amendment rights when she failed to read Watkins *Miranda* warnings, refused to talk to him or inform him of the reason for his arrest, and "changed his charge from criminal damage to a window pane to criminal damage to a Mercedes windshield."

**a) *Miranda***

The Fifth Amendment applies to the States through the Fourteenth Amendment, and requires that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. However, while statements compelled by police interrogations may not

be used against a defendant at trial, the Fifth Amendment protection against self-incrimination is not violated until the statement is used in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003); but see *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1026-27 (7th Cir. 2006) (holding that Self-Incrimination Clause was implicated when criminal prosecution was *initiated* because of pre-*Miranda* confession).

Although the record is unclear as to how or why Watkins' charges were dismissed, that inquiry is unnecessary because no genuine factual dispute exists as to whether Watkins' statements were used against him in a criminal case. Watkins did not make any statements to the police. That fact compels the conclusion that no statement was used against him in a criminal case. See *Chavez*, 538 U.S. at 766. Nor was Nicholson required to give Watkins *Miranda* warnings. *Miranda* held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from *custodial interrogation* of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444 (1966) (emphasis added). Clearly, Watkins was in custody, but by his own admission he was not interrogated. See Pl. Am. Complaint, E.C.F. #19 at 4 (alleging Nicholson violated his constitutional rights "[b]y refusing to speak to plaintiff or read plaintiff his *Miranda* rights an[d] inform Watkins of what he was being arrested for").

**b) Failure to Inform Watkins of the Reasons for his Arrest**

Watkins also claims that Nicholson violated his constitutional rights by not informing him of the charges against him at the time of arrest. Under Illinois law, "[a] person arrested with or without a warrant shall be taken without *unnecessary delay* before the nearest and most accessible judge . . . and a charge shall be filed." 725 ILCS 5/109-1 (emphasis added). At that point, "[t]he judge shall . . . [i]nform the defendant of the charge against him . . ." *Id*. Watkins

8

does not claim that he was never informed of the reason for his arrest, only that he was not immediately told by Officer Nicholson upon his arrest. He was arrested on August 23, 2013, a Friday, and released two days later. Thus, Watkins' § 1983 claim for an alleged violation of his Sixth Amendment right to be informed of the charges against him fails because the State's Attorney, not Officer Nicholson, is the charging entity, and the purported charges were either quickly dismissed or never filed at all. While the Court disagrees with Defendants' assertion that "the right to be fully informed of the criminal charges is a judicially created prophylactic rule[,]" Watkins has nevertheless failed to demonstrate a violation of his constitutional right to be informed of the charges against him, or that such a violation amounts to a cognizable § 1983 claim. See U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."). And because the record does not indicate that any charges were actually filed against Watkins, his claim against Nicholson for allegedly changing his charge cannot survive summary judgment.

**3) Watkins' Claims Against Peoria Police Department, City of Peoria, and Sheriff McCoy**

In addition to Watkins' claims against the individual Defendant officers, he also claims that the Peoria Police Department, City of Peoria, and Sheriff McCoy are liable for the negligent hiring, training, and supervision of the Defendant officers. Actions brought under § 1983 may be brought against local governments, but a municipality cannot be held liable merely because it employs a tortfeasor. "Rather, municipal governments may be sued only when their officers inflict an injury in the execution of the governments' policy or custom, 'whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029 (7th Cir. 2006) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1976)). In order to establish liability against a

municipality for inadequate training or supervision, a plaintiff must establish that the local government was deliberately indifferent. *Sornberger*, 434 F.3d at 1029-30 (deliberate indifference may be established by showing either a failure to provide adequate training in light of foreseeable consequences, or failure to act in response to repeated complaints of constitutional violations by its officers). Here, Watkins' § 1983 claim against the municipal Defendants fails *ab initio*—because Watkins' arrest was lawful and authorized, neither the Defendant officers nor the local government were tortfeasors. Thus, Watkins suffered no cognizable injury for which he may hold the local government Defendants liable.

**4) Qualified Immunity**

Even if Watkins could establish that his arrest was not supported by probable cause, the Defendant officers are entitled to qualified immunity. Qualified immunity "protects officers who are 'reasonable, even if mistaken' in making probable cause assessments." *Tebbens*, 692 F.3d at 820 (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). Specifically, an officer is entitled to qualified immunity when a reasonable officer in the same circumstances and with the same knowledge could have reasonably believed that probable cause existed in light of well-established law. *Tebbens*, 692 F.3d at 820. When a defendant raises qualified immunity as a defense, the burden shifts to the plaintiff who must identify a closely analogous case or persuade the court that the officer's "conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully." *Abbot v. Sangamon Cty., Ill.*, 704 F.3d 706, 723-24 (7th Cir. 2013).Here, assuming arguendo that Watkins' arrest was somehow lacking in probable cause,  Watkins has failed to identify an analogous case or offer any facts or arguments to support a conclusion that the Defendant

officers acted unreasonably. Therefore, Watkins' § 1983 claim against the officers would also be barred by qualified immunity.

**5) Watkins' § 1985 Claim**

Lastly, Watkins's amended Complaint adds an unsubstantiated claim under 42 U.S.C. § 1985. Section 1985 prohibits conspiracies to interfere with civil rights. As discussed above, because Watkins was not deprived of a constitutional right, there is likewise no constitutional violation to support his § 1985 conspiracy claim. See *Bublitz v. Cottey*, 327 F.3d 485, 492 n.3 (7th Cir. 2003); *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1448 (10th Cir. 1990) ("First, § 1983 and § 1985 do not create independent substantive rights; they are procedural statutes which provide a remedy for deprivation of existing rights."). Although Watkins did not elaborate on his § 1985 claim, it is superfluous because the function of § 1985 "is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Where, as here, all defendants are state actors, "a § 1985(3) claim does not add anything except needless complexity." *Id*; *Scott v. City of Chicago*, 619 F. App'x. 548 (7th Cir. 2015) (stating § 1985 conspiracy claim "has no role to play" in suit where all defendants were public employees).

### CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is granted. This matter is now terminated.

Signed on this 4th day of March, 2016.

                                                                            _____

                                                         s/ James E. Shadid

                                                              James E. Shadid

                                           United States District Judge