UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN WATKINS, )
)
        Plaintiff )
)
   v. ) Case No. 15-1351
)
DONNA NICHOLSON, PEORIA )
POLICE DEPARTMENT, CITY OF )
PEORIA, JESSE A. LANPHEAR, )
BRADLEY SCOTT, CHRIS HANLEY, )
MICHAEL D. MCCOY, )
)
        Defendants. )

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Jordan Watkins' Motion [26] to Reconsider the Court's Order and Opinion [23] granting summary judgment in favor of Defendants. For the reasons stated herein, Plaintiff's Motion [26] is DENIED.

**Background**

On August 21, 2015, pro se Plaintiff Jordan Watkins filed this § 1983 action against Defendants Donna Nicholson and Peoria Police Department. Defendants Nicholson and Peoria Police Department filed a motion for summary judgment on September 25, 2015. On November 23, 2015, Watkins filed a response to the motion for summary judgment wherein he requested leave to amend his Complaint to add as defendants the City of Peoria, Jesse A. Lanphear, Bradley Scott, Michael McCoy, and Chris Hanley. Defendants Nicholson and Peoria Police Department filed a reply to Watkins' response to the motion for summary judgment, and also a response to Watkins' motion for leave to amend. On February 1, 2016, Watkins filed a reply to Defendants' response to his motion for leave to amend, and also an amended Complaint. On

1

February 22, 2016, Defendants moved for judgment on the pleadings, or alternatively to renew their motion for summary judgment. On February 24, 2016, this Court granted Plaintiff's motion for leave to amend, denied Defendants' motion for judgment on the pleadings, and granted Defendants' alternative request to revive and renew their prior summary judgment motion. On March 4, 2016, the Court entered an Order and Opinion granting Defendant's motion for summary judgment, and on April 7, 2016, Plaintiff filed a Rule 59(e) motion for reconsideration.

Plaintiff asks the Court to reconsider the March 4, 2016, Order and Opinion granting summary judgment in favor of Defendants. Specifically, Plaintiff argues: (a) that the Court erred in granting Defendant's request to renew and revive their summary judgment motion after Plaintiff amended his Complaint; (b) the Court erred in determining that probable cause existed for Plaintiff's arrest; (c) Plaintiff could not be arrested without being questioned first; and (d) because Plaintiff was not ticketed for the offense for which he was initially stopped, the arrest was unlawful. For the following reasons, Plaintiff's motion is denied.

## ANALYSIS

**Plaintiff's Rule 59 (e) Motion is Untimely**

Rule 59 (e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59 (e). The Court entered judgment in this case on March 8, 2016. Thus, Plaintiff's motion to reconsider, filed April 7, 2016, was not timely filed.

**The Matter was Fully Briefed and Summary Judgment was Proper**

Plaintiff takes issue with the Court's February 24, 2016, Text Order granting Defendant's motion to renew and revive their motion for summary judgment after Plaintiff amended his Complaint. Plaintiff's amended Complaint did not allege any new material facts or arguments;

rather, Plaintiff's amended Complaint was an attempt to join additional Defendant's to the action. Because the amended Complaint alleged the same facts and raised the same issues as Plaintiff's prior pleadings, summary judgment was appropriate.

**Probable Cause Existed for Watkins' Arrest**

As the Court exhaustively discussed in its prior Opinion, probable cause existed for Watkins' arrest. Officer Lanphear stated in his affidavit and police report that he saw a vehicle without a rear registration plate or temporary registration sticker traveling on a public highway. The Illinois Vehicle Code requires that registration plates or stickers be clearly visible at all times. See 625 ILCS 5/3-413. Watkins' reply brief concedes that the registration sticker was not visible: "[a]fter learning that Watkins['] temporary registration sticker was in fact in the back window hanging because of the tape on one side came undone . . . ." (ECF #17 at 3). Thus, Lanphear had probable cause to stop Watkins for failing to properly display registration tags. See *Atwater*, 532 U.S. 354 (2001).

Plaintiff argues that his arrest was unlawful because he was stopped based on probable cause to believe he committed a traffic offense, but was arrested based on probable cause he committed a separate offense. The Court addressed and dismissed Plaintiff's argument in the earlier Order and Opinion, stating:

> Likewise, Lanphear's stated reason or subjective intent for the arrest is irrelevant—once Lanphear had probable cause to believe that Watkins committed the offense of failing to display his vehicle registration, the arrest was lawful. See e.g., *United States v. Williams*, 495 F.3d 810, 817-18 (Once officer had probable cause to arrest defendant, "it is irrelevant that their investigation eventually found evidence of other crimes, that he was originally charged with those other crimes, or that [those] crimes were charged based on an investigation that dragged out longer than was warranted by their original reasonable suspicion."); *Williams v. Rodriguez*, 509 F.3d 392, 399 (officer's subjective reason for arrest does not need to be for the offense as to which the known facts provide probable cause); *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).

**Plaintiff's Motion Presents no New Evidence, and Raises Previously Rejected Arguments**

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id*. at 1270. Here, all of the issues Plaintiff raises in his motion to reconsider were properly addressed and rejected in the Court's prior Opinion.

In sum, Plaintiff cannot prevail on his § 1983 claim for wrongful arrest because the officers had probable cause to arrest him. "Probable cause to arrest is an absolute defense to any claim against police officers under § 1983 for wrongful arrest, even where the defendant officers allegedly acted upon a malicious motive." *Tebbens*, 692 F.3d at 816 (7th Cir. 2012). Watkins' § 1983 claim against the municipal Defendants fails because Watkins' arrest was lawful and authorized. Accordingly, neither the Defendant officers nor the local government were tortfeasors, and Watkins suffered no cognizable injury for which he may hold the local government Defendants liable. Additionally, Watkins has failed to identify an analogous case or offer any facts or arguments to support a conclusion that the Defendant officers acted unreasonably. Therefore, Watkins' § 1983 claim against the officers would also be barred by qualified immunity. Although Watkins did not elaborate on his § 1985 claim, it is superfluous because the function of § 1985 "is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Where, as here, all defendants are state actors, "a § 1985(3) claim does not add anything except needless complexity." *Id*; *Scott v. City of Chicago*, 619 F. App'x. 548 (7th Cir. 2015) (stating § 1985 conspiracy claim "has no role to play" in suit where all defendants were public employees).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is DENIED.

This matter is now terminated.

Signed on this 11th day of April, 2016.

s/ James E. Shadid
James E. Shadid
United States District Judge
